PATIN, Judge Pro Tem.
This is a personal injury suit. Plaintiff-appellant, Darwin R. Cotton, sued Wal-Mart Stores, Inc., defendant-appellee, for damages allegedly sustained in a slip and fall accident at a Wal-Mart store in Pine-ville, Louisiana. After trial on the merits the jury rendered in favor of defendant finding that no hazardous condition existed to cause the plaintiffs fall.
The plaintiff moved for judgment notwithstanding the verdict and for new trial and the trial court denied both. Plaintiff appealed asserting the following errors:
(1) the jury erred in finding no hazardous condition existed to cause plaintiffs fall;
(2) the trial court erred in denying plaintiffs motion to have the jury visit the scene; and
*233 (3) the trial court erred in denying plaintiff’s motion for judgment N.O.V. and for new trial.
On November 7, 1988, Cotton was at the Wal-Mart store in Pineville, Louisiana, shopping for an extension cord. During the course of his shopping he noticed a display advertising dog food for sale. He picked up a bag of dog food, put it over his right shoulder and began to walk towards the cash register.
Cotton entered the aisle on which fish were sold. The aisle was partially covered by a foam rubber mat which ran along and close to the wall where the aquariums and fish were on display. He walked on the mat, decided to turn around and go back the way from which he came, and fell.
Shortly after falling he was given attention by some customers and employees of Wal-Mart. An ambulance was called and he was taken to the hospital, where he stayed for a few days. He allegedly suffered injury to his eye and back.
Appellant’s first assignment of error is that the jury erred in finding that no hazardous condition existed to cause the plaintiff’s fall. The appellant’s argument is based on his belief that the mat presented an unreasonable risk of harm to the public and had no redeeming social value. He argues that the mat at the time of the accident was not secured to the floor and no warnings were posted regarding the possible hazard the mat posed, making the situation potentially hazardous to the unwary customer.
Appellee contends that the mat was in place for the sole purpose of protecting customers from potentially hazardous situations. Appellee asserts that when fish are taken from the aquariums water sometimes spills on the floor and the mat is there to prevent accidents which might otherwise occur.
Appellee asserts appellant failed to prove a hazardous condition existed. It contends plaintiff relied on a hope that the jury would find fault in Wal-Mart because he fell in the store and happened to be standing on a rubber mat at the time.
La.R.S. 9:2800.6, as it existed at the time of the accident, stated that a merchant owed a duty to persons who used the premises by making “a reasonable effort to keep the premises free of any hazardous conditions which might reasonably give rise to damage.” The statute required a person claiming injury to prove the existence of a hazardous condition caused said injuries. Once the existence of the hazardous condition and the fact that it caused the injuries was proved, the burden shifted to the storeowner to exculpate himself. La.R.S. 9:2800.6. Johnson v. Insurance Co. of North America, 360 So.2d 818 (La.1978).
The plaintiff had the burden of proving the mat was a hazardous condition which caused him to fall. As evidence he offered his own testimony and that of Mr. Ronnie Henderson. The plaintiff’s testimony was given to presumably raise the inference that the only way he could have fallen was because of the mat.
We say “raise the inference” because the plaintiff testified that he did not know what caused him to fall and even responded affirmatively when the suggestion was made by defense counsel that plaintiff saw nothing unusual about the mat while he was lying on the floor. Henderson testified that he saw the mat all wadded up at Cotton’s feet wheri he arrived on the scene shortly after the accident occurred.
The employees who testified for Wal-Mart unanimously agreed that the mat had not moved and indeed could not be moved without someone physically picking it up as it was made of foam rubber with grooves that created a natural suction to the floor.
No expert testimony was offered by either party as to the effectiveness or quality of the mat in question. Photographs were taken shortly after Cotton fell and they depict the aisle and mat as it existed at the time of the fall.
The jury was exposed to the foregoing evidence and testimony. They were required to make credibility decisions about the witnesses. This is an important factor because much was done to discredit the truthfulness and veracity of plaintiff’s tes *234 timony, including the introduction of evidence regarding his past criminal behavior. Furthermore, certain comments made by plaintiffs main witness, Henderson, in his testimony may have cast doubt in the jury’s mind as to his credibility.
It is clear from the testimony and the photographs that the mat was placed as a precaution against a hazardous condition that might arise from water on the floor. The jury found that the mat was not a hazardous condition. This is a factual finding based on its scrutiny of the evidence. As such it is due broad discretion by this court and may not be upset unless it is “clearly wrong” or “manifestly erroneous.” Rosell v. Esco, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the present case there was certainly enough evidence, and a lack thereof, to warrant the jury’s finding. The plaintiff failed to meet his burden of proof and the jury correctly recognized that fact. This assignment of error is without merit.
Appellant’s second assignment of error is the trial court erred in denying the motion to have the jury view the scene of the accident. The request was made after all but one witness had testified. The trial judge, in denying the motion, stated that the plaintiff had ample opportunity to make a Motion in Limine or have Wal-Mart produce the mat through discovery and could not have such a request granted in the closing minutes of trial.
La.Code Civ.P. art. 1631 mandates that the trial court conduct proceedings in an “orderly and expeditious manner” so that justice may be done. Plaintiff could not produce a reason for the trial court to warrant such a disruptive action. The trial judge correctly exercised his discretion in denying the motion. The second assignment of error is without merit.
The last assignment of error is that the trial court erred in denying plaintiff’s motions for judgment N.O.V. and for new trial. Appellant asserts that the verdict was clearly contrary to the evidence and the trial court erred in not recognizing that circumstance.
On a motion for judgment notwithstanding the verdict the court must consider the evidence in a light most favorable to the party opposed to the motion. The motion should be granted when the evidence overwhelmingly points in favor of the moving party to the extent that reasonable men could not differ in their verdict. If, however, after consideration of the evidence, the conclusion is reasonable men might differ in their decisions, the motion must be denied. Campbell v. Mouton, 373 So.2d 237 (La.App. 3d Cir.1979).
Appellant argues that the evidence is clear: Mr. Cotton fell on a mat in Wal-Mart and was injured, proving that the mat was a hazardous condition and Wal-Mart was negligent. Such a conclusion has no basis in fact or law. The clearest conclusion reached from the evidence is that appellant failed to prove the first requirement, that the mat created a hazardous condition.
Our review of the record leads us to conclude that the jury verdict was soundly based on the evidence presented and the motion for judgment notwithstanding the verdict was properly denied.
The standard of review for a motion for new trial is different from that of judgment N.O.V. On a motion for new trial the trial court judge is free to draw inferences and conclusions from the evidence without favoring a party. Jones v. Northbrook Ins. Co., 544 So.2d 742 (La.App. 3d Cir.1989). The trial court must grant a new trial when the jury verdict is “clearly contrary to the law and evidence.” La.Code Civ.P. art. 1972.
The trial court viewed all of the evidence presented and was able to scrutinize the witnesses and reach his own credibility conclusions. He decided that the jury reached a correct verdict and we likewise agree. This assignment is without merit.
AFFIRMED.